NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENRIQUETA B. AGCAOILI, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH CONNOLLY, VALERIE HARR, ANGELICA M. HARRISON, MAKRAM MICHAIL, MARTHA LOPEZ, ARELIS RODRIGUEZ, LEA BALDWIN, LAUREN GARCIA, KIMBERLY MOSS, <br><br> Defendants. | Civil Action No.: 2:16-cv-2730-CCC-JCB <br><br><br> OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motions of Defendants Elizabeth Connolly, Valerie Harr, Angelica M. Harrison, Makram Michail, Martha Lopez, Arelis Rodriguez, Lea Baldwin, Lauren Garcia, and Judge Kimberly Moss (collectively, "Defendants") to dismiss the complaint of *pro se* Plaintiff Enriqueta B. Agcaoili ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF Nos. 16, 19, 27. Plaintiff opposes the motions. ECF Nos. 21, 29, 32. Also before the Court is Plaintiff's motion to stay and for default judgment, ECF No. 17. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motions are granted and Plaintiff's motion is denied.

## II. BACKGROUND

The following facts are accepted as true for purposes of the instant motions. On June 11, 2015, Plaintiff walked to the Hudson County Social Welfare Services Office to apply for Medicaid. Complaint ("Compl.") ECF No. 1 ¶ 10, ECF No. 1-1 at 2. Plaintiff was met by Ms. Martha Lopez,

1

who asked Plaintiff to sign application documents. Compl. ¶ 10. Plaintiff was tired from walking on the hot summer day, and signed the documents without reading them or asking Ms. Lopez for more information. *Id.* ¶ 11. When Plaintiff read the documents, she discovered she signed an agreement to repay Medicaid after it was received. *Id.* ¶ 12, 17. Plaintiff would like this form to be removed from her file. *Id.* ¶ 37.

Plaintiff received notices on June 11, 2015, June 25, 2015, and June 29, 2015 identifying certain other documents the agency needed to complete her application. *See* ECF No. 1-2, Exs. B, G, H. Plaintiff alleges one of the necessary documents was "destroyed" and that she did not produce other documents because she "found out that [she] signed records to repay Medicaid. And [she] was not allowed to see [her] file." ECF 17 at 2.

On July 27, 2015, Plaintiff received a notice that she was denied Medicaid benefits because she "did not provide the requested documents." ECF No. 1-2, Ex. M. Plaintiff requested a fair hearing "because of Medicaid fraud abuse." *Id.* Ex. N. On September 30, 2015, Judge Barry Antoniewitz held a hearing in which Plaintiff's son received a letter from the Judge identifying documents required for Plaintiff's application. *Id.* Ex. S. On October 27, 2015, Judge Kimberly A. Moss held a hearing on the matter. Compl. at 11. On October 28, 2015, Judge Moss issued a decision affirming the denial of Medicaid benefits to Plaintiff because she had not provided the requested documents. ECF 1-1 at 5.

On May 13, 2016, Plaintiff filed the instant action. *See* ECF No. 1. Plaintiff alleges she has "Permanent Partial Disability, back injury, . . . hypertension, arthritis[,] and poor eyesight." Compl. ¶ 19. Plaintiff sustained an injury to her right shoulder and arm due to her Medicaid research. *Id.* ¶ 17. Plaintiff also alleges that because her denture was broken she has been losing weight, and she requires funding to purchase "Ensure" as a nutritional supplement. *Id.* In the

2

Complaint, Plaintiff asserts claims for "fraud, harassment, retaliation, conspiracy, falsification and manipulation of records, obstruction of justice, discrimination, [and] intentional infliction of physical, mental, and emotional distress." *Id.* at 2. The Complaint also alleges Defendants violated the Americans with Disabilities Act. *Id.*

### III. <u>LEGAL STANDARD</u>

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Higgins v. Beyer*, 293 F.3d 683, 688 (3d

3

Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines*, 404 U.S. at 520-21); *Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007).

## IV. DISCUSSION

### A. Plaintiff's Federal Claim

Plaintiff's Complaint appears to allege one federal claim: a violation of the Americans with Disabilities Act ("ADA"). Compl. at 1. The gravamen of Plaintiff's argument appears to be that Defendants violated the ADA because she was discriminated against and was denied Medicaid due to her disability. *See id.* However, even under a liberal pleading standard, this claim has not been sufficiently plead. The opinion by Judge Moss, attached to the Complaint[1] indicates Plaintiff was denied Medicaid because she refused to provide documents required by the agency. *See* ECF No. 1-1. Moreover, the Complaint does not contain sufficient factual matter for the Court to discern a plausible violation of the ADA. Accordingly, Plaintiff's ADA claim is dismissed.[2]

### B. State-Law Claims

To the extent the facts alleged in the Complaint give rise to state-law claims, the Court declines to exercise supplemental jurisdiction. The basic statutory grant of federal court subject-

---

[1] *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation marks and citation omitted).

[2] The Complaint, insofar as it is asserted against Judge Moss, is barred by the doctrine of judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). A judge will not be immune from suit for nonjudicial acts, or for judicial acts taken in the absence of jurisdiction. *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Here, to the extent Plaintiff's Complaint appears to be directed toward Judge Moss for judicial acts taken within her jurisdiction, the Complaint is barred on grounds of immunity.

4

matter jurisdiction provides for federal-question jurisdiction and for diversity of citizenship jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. §§ 1331, 1332). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* Here, as Plaintiff failed to state a cognizable federal claim the Court does not have federal question jurisdiction. To invoke § 1332, Plaintiff must state "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000." *Id.* Here, as Plaintiff cannot plead a complete diversity of citizenship, the Court cannot consider this claim under diversity jurisdiction. Further, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any remaining state-law claims arising in the Complaint. Accordingly, the Court dismisses Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction.

### C. Plaintiff's Motion to Stay and for Default Judgment

Plaintiff's motion to stay and for default judgment is denied. Even under the liberal pleading standard afforded *pro se* litigants, *see Higgs v. A.G. of the United States*, 655 F.3d 333, 339-40 (3d Cir. 2011), the Court cannot discern what judicial proceeding Plaintiff requests to be stayed, or any reasoning for a default judgment in the instant action from the motion. Accordingly, Plaintiff's motion is denied.

## V. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are granted, and Plaintiff's motion is denied. To the extent the pleading deficiencies identified by this Court can be cured by way of amendment, Plaintiff is hereby granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

Date: April 18, 2017

CLAIRE C. CECCHI, U.S.D.J.